UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARC PIERRE HALL

    V.                                             PRISONER
                                                      CASE NO. 3:04CV472 (PCD) (JGM)

WAYNE CHOINSKI, ET AL.

RULING AND ORDER

       The petitioner, Marc Pierre Hall, has filed this petition for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241. In December 1995, a jury in the United States District Court for the Western District of North Carolina found the petitioner guilty of conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a school and a playground, in violation of 21 U.S.C. § 846 (Count One); using and carrying firearms in violation of 18 U.S.C. §§ 924(c)(1) (Count Ten), using and carrying a destructive device during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2; (3) (Count Eleven) and using and carrying a destructive device and damaging and destroying real property in and affecting interstate commerce, in violation of 18 U.S.C. § 844(i) (Count Twelve). The court sentenced the petitioner to a life sentence on Count One, four-hundred and eighty (480) months on Count Twelve to run concurrent with the sentence on Count One; sixty (60) months on Count Ten to run consecutive to the sentences on Counts One and Twelve; and (4) a life sentence on Count Eleven to run consecutive to the sentences on Counts One, Ten, and Twelve. On November 17, 1997, the Court of Appeals for the Fourth Circuit affirmed his conviction. See United States v. Hall, No. 96-4365, 1997 WL 712885 (4th Cir. Nov. 17, 1997) (per curiam). On June 15, 1998, the United States Supreme Court denied certiorari. See Hall v. United States, 524

U.S. 932 (1998).

In 1999, in the United States District Court for the Western District of North Carolina, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 raising grounds of ineffective assistance of counsel and lack of subject matter jurisdiction.  On October 10, 2001, the Western District of North Carolina denied the motion on the merits.  See Hall v. United States, No. Crim. 3:95CR05-01, Civ. A. 3:99CV61-4-P, 2001 WL 34563141 (W.D.N.C. Oct. 10, 2001)   The petitioner appealed the denial.  On February 11, 2002, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal in a per curiam decision.   See United States v. Hall, Nos. 01-7871, 01-7893, 2002 WL 216431 (4th Cir. Feb. 11, 2002).    On October 7, 2002, the United States Supreme Court denied certiorari.  See Hall v. United States, 537 U.S. 894 (2002).

Later in 2002, the petitioner filed two motions to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2244.   On November 12, 2002, the United States Court of Appeals for the Fourth Circuit denied petitioner's motions to file a second or successive § 2255 motion without prejudice to filing a petition for writ of habeas corpus pursuant to § 2241.  On March 18, 2004, the petitioner filed a section 2241 petition in this court initially challenging his transfer to the Connecticut Department of Correction from the Federal Bureau of Prisons.  Prison officials have since transferred the petitioner back to federal prison and the petitioner is now incarcerated at the United States Penitentiary in Marion, Illinois.   On September 6, 2005, the court granted the petitioner leave to file a third amended petition.

The petitioner claims that the warrant for his arrest only charged him with violations

of 21 U.S.C. §§ 841(a)(1), 846 and 952 and 18 U.S.C. § 1956, but the grand jury issued an indictment charging him with violating 21 U.S.C. § 846, 18 U.S.C. § 924(c)(1) and (2) and 18 U.S.C. § 844(i).  The petitioner argues that the grand jury's indictment was illegal and violates the Due Process Clause of the Fourteenth Amendment.  It is apparent from this ground that the petitioner is challenging the legality of his conviction and sentence.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States.  See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  Today, this authority is codified at 28 U.S.C. § 2241(c)(3).  In 1948, however, Congress enacted 28 U.S.C. § 2255.  This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently."  Id.

Currently, "[a] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A § 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence."  Id. at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241.  See Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002).

The petitioner claims that he recently became aware of this new evidence regarding his arrest and indictment. Because the present third amended petition challenges the legality of the petitioner's conviction and sentence and raises a claim of newly discovered evidence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which the petitioner was sentenced. See 28 U.S.C. § 2255. In Jiminian, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior § 2255 motion dismissed on the merits."

The court concludes that the present amended petition contains a claim that is properly raised in a § 2255 motion and that the United States District Court for the Western District of North Carolina has already denied on the merits, a § 2255 motion filed by the petitioner. Thus, the court construes the third amended petition as a second or successive § 2255 motion and determines that jurisdiction is not proper in this district.

## Conclusion

Because the petitioner was convicted in the United States District Court for the Western District of North Carolina, transferring this case to the Second Circuit pursuant to Jiminian, 245 F.3d at 148-49, would serve no purpose. In the interests of justice, the case is hereby TRANSFERRED to the United States District Court for the Western District of North Carolina, for whatever action that court deems appropriate. See 28 U.S.C. § 1631 (permitting a district court that has concluded it lacks jurisdiction over a case, in the

interest of justice, to transfer the case to a district in which it could have been brought).

SO ORDERED at New Haven, Connecticut this  9th  day of September, 2005.

/s/
Peter C. Dorsey
United States District Judge